# UNITED STATES DISTRICT COURT

# DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| ROBERT BREEST, | ) CASE NO. 1:06-cv-00361-SM |
| Plaintiff, | ) |
| vs. | ) |
| NEW HAMPSHIRE ATTORNEY GENERAL, | ) **FED. R. CIV. P. 26(f)** <br> ) **DISCOVERY PLAN** |
| Defendant. | ) |

**DATE/PLACE OF CONFERENCE:**

April 3, 4 & 5, 2007 via telephonic and electronic meeting.

**COUNSEL PRESENT/PRESENTING:**

Counsel for Plaintiff:

John S. Clifford, Esq.
New Hampshire Bar No. 14184
BOIES, SCHILLER & FLEXNER LLP
26 South Main Street
Hanover, NH 03755
Telephone: (603) 643-9090
Facsimile: (604) 643-9010

Christopher M. Green, Esq.
Ian M. Dumain, Esq.
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, NY 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300

Counsel for the Defendant:

Richard W. Head, NH Bar No. 7900
Associate Attorney General
Office of the Attorney General
33 Capitol Street
Concord, NH 03301
(603) 271-1248

## CASE SUMMARY

**THEORY OF LIABILITY**: Plaintiff alleges that the State's persistent refusal to provide him access to potentially exculpatory biological trial evidence for the purpose of DNA testing violates his federal constitutional right of access to such evidence.

**THEORY OF DEFENSE**: The State has filed a *Motion to Dismiss*, to which the Plaintiff has filed an objection. In addition to all of the defenses raised in the Motion to Dismiss, the Defendant incorporates the following defenses: General denial of allegations; all applicable immunities, including sovereign immunity, qualified immunity, absolute immunity and official immunity; failure to state a claim for which relief can be granted; failure to exhaust state court remedies; and any other defense that may be raised in the motions to dismiss or answers filed by any party

**DAMAGES**: Plaintiff is seeking declaratory and injunctive relief.

**OFFER/DEMAND**: Due to the nature of this case, offer and demand is not applicable.

**JURISDICTIONAL QUESTIONS**:

The State has raised jurisdictional issues in its *Motion to Dismiss*. Specifically the State has raised the following:
 1. This Court does not have jurisdiction to reverse a decision of the state court under the *Rooker-Feldman* doctrine.
 2. The Plaintiff's Complaint is the functional equivalent of a writ of habeas corpus, and must therefore be dismissed for failure to state a claim under §1983.
 3. The Plaintiff's Complaint is barred by the doctrines of collateral estoppel and res judicata.
 4. The Court does not have jurisdiction because the Plaintiff has failed to make a prima facia showing of a federal constitutional violation.
 5. The Court does not have pendent jurisdiction over state law claims.
 6. Plaintiff has stated no federal basis for his claim and it should be dismissed.

**QUESTIONS OF LAW**:

In addition to the jurisdictional issues, the issue of law raised by the Plaintiff is whether the State's persistent refusal to provide him access to potentially exculpatory biological trial evidence for the purpose of DNA testing violates his federal constitutional right of access to such evidence.

**TYPE OF TRIAL**:

Bench trial.

## DISCOVERY

**TRACK ASSIGNMENT**:   Standard

**DISCOVERY NEEDED**:   The Plaintiff submitted the affidavit of Dr. Sudhir Sinha, Ph.D., in support of his opposition to the State's *Motion to Dismiss*. The State may seek discovery from Dr. Sinha or any other experts Plaintiff may identify, and may identify experts, who will be made available for deposition. With the Court's consent, the parties intend to wait to begin discovery pending a decision on the State's *Motion to Dismiss*. The parties may seek leave to amend this Discovery Plan based on the timing and substance of the Court's Order on the State's *Motion to Dismiss*. Plaintiff reserves the right to amend the Discovery Plan to seek discovery regarding any defense asserted by the State.

**MANDATORY DISCLOSURES**: The parties waive any initial disclosures required by Federal Rule of Civil Procedure 26.

**ELECTRONIC INFORMATION DISCLOSURES (R. 26(f))**: Due to the nature of this case, discovery or disclosure of electronically stored information is not applicable.

**STIPULATION REGARDING CLAIMS OF PRIVILEGE/PROTECTION OF TRIAL PREPARATION MATERIALS (R. 26(f))**:   There are no known issues regarding claims of privilege/protection of trial preparation materials.

**COMPLETION OF DISCOVERY**:

   1)   Date discovery complete: September 15, 2007
   2)   Issues for early discovery, date for completion of those issues: Not applicable.

**INTERROGATORIES**:  Not applicable.

**REQUESTS FOR ADMISSION**: Not applicable.

**DEPOSITIONS**:   By close of discovery.

**DATES OF DISCLOSURE OF EXPERTS AND EXPERTS' WRITTEN REPORTS**:

   **Plaintiff:**   May 1, 2007, or 30 days after the Court's decision on the State's *Motion to Dismiss*, whichever is later.

   **Defendant:**   July 1, 2007, or 60 days after Plaintiff's disclosure, whichever is later.

The parties have not stipulated to a different form of expert report than that specified in Fed. R. Civ. P. 26(a)(2).

**CHALLENGES TO EXPERT TESTIMONY**: No later than 45-days prior to trial.

## OTHER ITEMS:

**JOINDER OF ADDITIONAL PARTIES:** Not applicable.

**THIRD-PARTY ACTIONS:** None anticipated.

**AMENDMENT OF PLEADINGS:** None anticipated.

**DISPOSITIVE MOTIONS:**

>   **To Dismiss:** The State has filed a Motion to Dismiss.
>   **For Summary Judgment:** On or before June 1, 2007, or 45 days after the Court's decision on the State's *Motion to Dismiss*, whichever is later.

**SETTLEMENT POSSIBILITIES:** The parties do not believe that settlement is possible.

**MEDIATION:** The parties do not believe that mediation would be fruitful for resolving this issue and are not inclined to pursue mediation.

**WITNESSES AND EXHIBITS:** As required by the rules regarding final pretrial procedures.

**TRIAL ESTIMATE:** 1-2 day(s)

**TRIAL DATE:** After October 1, 2007

**PRELIMINARY PRETRIAL CONFERENCE:** The parties do not request a preliminary pretrial conference with the Court before entry of the scheduling order.

**OTHER MATTERS:** A *Motion to Stay* is pending with the Court. If the *Motion to Stay* is granted, the parties request permission to file a revised Discovery Plan based on the Court's order. The parties may also seek leave to modify the Discovery Plan based on the timing and substance of the Court's Order on the State's *Motion to Dismiss*.


Dated:  Hanover, New Hampshire
        April 6, 2007

Respectfully submitted,

ROBERT BREEST

    /s/ John S. Clifford
By: John S. Clifford, Esq.
New Hampshire Bar No. 14184
BOIES, SCHILLER & FLEXNER LLP
26 South Main Street
Hanover, NH  03755
Telephone: (603) 643-9090
Facsimile: (604) 643-9010


    /s/ Ian M. Dumain
By: Christopher M. Green, Esq.
Ian M. Dumain, Esq.
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, NY  10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300


KELLY A. AYOTTE
Attorney General


    /s/ Richard W. Head
By: Richard W. Head, NH Bar No. 7900
Associate Attorney General
New Hampshire Department of Justice
33 Capitol Street
Concord, New Hampshire 03301-6397
(603) 271-3658

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 6th day of April, 2007, service of **FEDERAL RULE OF CIVIL PROCEDURE 26(f) DISCOVERY PLAN** was effected via the United States District Court e-filing system to the following:

Neals-Erik W. Delker
Richard W. Head
Nancy Smith
NH Attorney General's Office
33 Capitol Street
Concord, NH 03301-6397

John Vinson
NH Department of Corrections
New Hampshire State Prison
P.O. Box 14
Concord, NH 03302

/s/  Kara C. Lynch
an employee of Boies, Schiller & Flexner LLP